**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

| | |
|---|---|
| **SPRINT COMMUNICATONS COMPANY, L.P.,** ) ) ) ) | |
| **Plaintiff** ) | |
| ) | **Case No. _____** |
| **vs.** ) | |
| ) | |
| **Q3 CONTRACTING, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

COMES NOW Plaintiff Sprint Communications Company, L.P. ("Plaintiff" or "Sprint") and, for its Complaint against Defendant Q3 Contracting, Inc. ("Defendant" or "Q3"), alleges and states as follows:

## JURISDICTION AND VENUE

1.     Plaintiff Sprint is a Delaware limited partnership with its principal place of business in Bellevue, Washington. Sprint is an indirect wholly-owned subsidiary of Cogent Communications Holdings, Inc. ("Cogent"). Cogent is a Delaware corporation with its principal place of business in the District of Columbia. Cogent is a publicly-traded company and trades on the NASDAQ under ticker symbol: CCOI.

2.     Defendant Q3 is a Minnesota corporation with its principal place of business in Little Canada, Minnesota.

3.     The matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00). Because diversity of citizenship also exists, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

4.      This Court has personal jurisdiction over Defendant because the events giving rise to this action occurred in or near Council Bluffs, Pottawattamie County, Iowa.

5.      Defendant conducts business in this judicial district and a substantial part of the events or omissions giving rise to this action occurred in or near Council Bluffs, Pottawattamie County, Iowa. Venue is therefore proper in this Court, District, and Division pursuant to 28 U.S.C. §§ 95(b)(1), 1391(a), (c), and LR 3(b).

## BACKGROUND INFORMATION

6.      Plaintiff Sprint is a telecommunications company which provides interstate telecommunications services to individual and commercial users. Sprint's telecommunications services are provided through, among other means, a nationwide network of fiber-optic cable, most of which is buried underground.

7.      By agreement with and/or permit from the State of Iowa, Pottawattamie County, and/or the City of Council Bluffs, Plaintiff Sprint possesses the right to construct, operate, maintain and reinstall a fiber-optic cable system in the in the rights-of-way of, and under, various streets and roads at or near 2205 Franklin Avenue, in Council Bluffs, Pottawattamie County, Iowa. By virtue of this agreement and/or permit, Sprint is entitled to undisturbed possession of that right. In accordance with this agreement and/or permit, Sprint installed fiber-optic cables in the rights-of-way of, and under, various streets and roads at or near 2205 Franklin Avenue, in Council Bluffs, Pottawattamie County, Iowa (the "Cable").

## FIRST CLAIM FOR RELIEF - TRESPASS

8.      Plaintiff Sprint adopts and incorporates by reference all allegations contained in paragraphs 1 through 7 above.

9.      Upon information and belief, on August 30, 2018, Defendant Q3 was, without the knowledge or consent and against the will of Sprint, excavating with mechanized equipment at or near 2205 Franklin Avenue, in Council Bluffs, Pottawattamie County, Iowa.

10.      Upon information and belief, on August 30, 2018, without Plaintiff Sprint's knowledge or consent, and against Sprint's will, Defendant Q3 damaged the Cable while excavating with mechanized equipment as described in Paragraph 9 above. At the point where the Cable was Damaged, it was buried within the right-of-way pursuant to Sprint's agreement with and/or permit from the State of Iowa, Pottawattamie County, and/or the City of Council Bluffs.

11.      As a result of the actions and/or omissions of Defendant Q3, Plaintiff Sprint has sustained disturbance to its right of use or servitude and damage to and loss of use of the Cable which have resulted in actual damages to Sprint in excess of $75,000.00, including, but not limited to, direct and indirect costs of repairs, and the loss of the use of the Cable.

12.      The actions of Defendant Q3 were intentional, grossly negligent and/or reckless, and exhibited a willful and wanton disregard of Sprint's rights and a conscious indifference to the consequences.

13.      Defendant Q3 is vicariously liable under the doctrine of *respondeat superior* for all grossly negligent and/or reckless and/or willful acts and/or omissions of its employees regarding the aforementioned excavation work.

**WHEREFORE**, Plaintiff Sprint prays this Court grant judgment in its favor against Defendant Q3 on Sprint's First Claim for Relief, awarding Sprint actual damages in excess of $75,000.00; punitive damages in an amount sufficient to punish Defendant Q3 for its actions; interest thereon as allowed by law; all costs of this action; and such other and further relief as the Court may deem just and proper.

## **SECOND CLAIM FOR RELIEF- NEGLIGENCE**

14.     Plaintiff Sprint adopts and incorporates by reference all allegations contained in paragraphs 1 through 13 above.

15.     Upon information and belief, Defendant Q3 acted negligently on or about August 30, 2018. This negligent conduct included, but is not limited to, the following:

    a.     Failing to determine the approximate location of all underground utility facilities in the area of proposed excavation before beginning excavation;

    b.     Failing to determine the exact location of all underground utility facilities in the area of the proposed excavation when the excavation approached the approximate location of those excavations;

    c.     Failing to plan the excavation to avoid interference with, or damage to, underground utility facilities;

    d.     Failing to take adequate measures to ensure the Cable would not be damaged during the excavation work described in paragraph 9 above;

    e.     Failing to avoid the use of a power operated or power driving excavating equipment within 18 inches, horizontally, of the Cable;

    f.     Failing to adequately train its employees involved with the excavation with respect to the applicable statues, regulations, and industry standards regarding excavation in the area of underground utilities, including, but not limited to, the provisions of Iowa Code § 480.4;

    g.     Failing to adequately supervise its employees and ensure that they complied with all applicable statues, regulations and industry standards regarding excavation in

the area of underground utilities, including, but not limited to, the provisions of Iowa Code § 480.4;

h.   Failing to use due care when excavating in and around buried fiber-optic cable; and

i.    Failing to adhere to applicable federal and state statutes and regulations and all applicable industry standards and guidelines as they related to the protection of underground utilities.

16.    As a result of the actions and/or omissions of Defendant Q3, Plaintiff Sprint has sustained damage to and loss of use of the Cable which have resulted in actual damages to Sprint in excess of $75,000.00, including, but not limited to, direct and indirect costs of repair, and the loss of the use of the Cable.

17.    The actions of Defendant Q3 were intentional, grossly negligent and/or reckless, and exhibited a willful and wanton disregard of Sprint's rights and a conscious indifference to the consequences.

18.    Plaintiff Sprint alleges that Defendant Q3's aforementioned acts and/or omissions constitute negligence *per se* and that said acts and/or omissions were a direct and proximate cause of Sprint's damages.

19.    Defendant Q3 is vicariously liable under the doctrine of *respondeat superior* for all grossly negligent and/or reckless and/or willful acts and/or omissions of its employees regarding the aforementioned excavation work.

**WHEREFORE**, Plaintiff Sprint prays this Court grant judgment in Sprint's favor against Defendant Q3 on Sprint's Second Claim for Relief, awarding Sprint actual damages in excess of $75,000.00; punitive damages in an amount sufficient to punish Defendant Q3 for its actions;

interest thereon as allowed by law; all costs of this action; and such other and further relief as this Court may deem just and proper.

Dated: August 29, 2023

/s/ *Anthony Osborn*

Anthony Osborn #0009513
GEHLING OSBORN LAW FIRM, PLC
600 4th Street, Suite 900
Sioux City, IA 51101
Tel:  (712) 226-4602
E-mail:  Anthony@golawfirm.com

**ATTORNEY FOR PLAINTIFF SPRINT
COMMUNICATIONS COMPANY, L.P.**